IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCAS SCHMIDT,<br><br>                    Plaintiff,<br><br>    vs.<br><br>WAYNE STATE COLLEGE, et al.,<br><br>                    Defendants. | **8:25CV616**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff, Lucas Schmidt's, Complaint filed on October 14, 2025.  Filing No. 1.  Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis.  Filing No. 5.  The Court now conducts an initial review of Schmidt's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I.       SUMMARY OF COMPLAINT

Plaintiff's Complaint alleges a 42 U.S.C. § 1983 civil rights violation against a college and two of its employees in their official capacities.  Plaintiff is or was a student at Wayne State College in Wayne, Nebraska.  Plaintiff claims he suffers from a "mental health disability."  Filing No. 1 at 4.  In addition to Wayne State, Plaintiff has sued Alicia Dorcey and Caryn Douglas in their official capacities only.  Ms. Dorcey is the Associate Vice President for Student Affairs and the Title IX Coordinator.  Ms. Douglas is the Educational Support and Disability Services Coordinator

Plaintiff alleges that beginning in August 2023, he made many accommodation requests, but only one was approved.  Filing No. 1 at 7.  That appears to be a request to have additional time on his exams.  Plaintiff does not specify what other requests were

1

made; when they were made; to whom they were made; or in what form the request was made.

Notwithstanding these complaints about Wayne State failing to accommodate him, on or about July 9, 2025, Plaintiff signed a "mediation agreement" with Wayne State based on a complaint that he made with the U.S. Department of Education's Office for Civil Rights ("OCR").  Filing No. 1 at 9, as amended Filing No. 1 at 10.  That agreement provided that the college would 1) continue to grant him additional time to complete exams[1]; 2) give him two additional days to submit assignments or request additional time to submit assignments; 3) assess on a case-by-case basis Plaintiff's request to be excused from group projects; 4) have the Disability Services Coordinator (later amended to the Dean of Students) available to meet with Plaintiff every other week; 5) allow Plaintiff to retake any class he received a "W" or "F" in 2024/2025 academic year within three years at no cost; 6) allow Plaintiff to retroactively withdraw  from a poetry class taken in Spring 2025 (thus changing his grade to "W" from "F"); and 7) follow the college's process for resolving additional accommodation requests.  Filing No. 1 at 10–11.  After signing the agreement, Plaintiff evidently had difficulty meeting with the Disability Services Coordinator (Caryn Douglas), so that point of contact was changed to Dean of Students. *See* Filing No. 1 at 11.

Plaintiff states that he is "claiming deprivation of rights secured by the Americans with Disabilities Act (ADA) Title II, Section 504 of the Rehabilitation Act, and the Fourteenth Amendment's Equal Protection Clause."  Filing No. 1 at 3.  Specifically, he states that the "defendants have denied me equal access to educational opportunities by

---

[1] This appears to be the one accommodation that Wayne State had previously granted.

refusing to provide reasonable accommodations, failing to uphold a signed mediation agreement through the OCR, and retaliation for asserting my rights." Filing No. 1 at 3. Plaintiff claims that Wayne States's actions have caused him "emotional distress, loss of educational opportunities. Filing No. 1 at 1–2.

## II.    LAW

### A.  STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure.  *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure).  Among other procedural

3

requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Fed. R. Civ. P. 8(a)(1)–(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Fed. R. Civ. P. 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017). The primary purpose of Fed. R. Civ. P. 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)).

### B. ADA

Congress enacted the Americans with Disabilities Act ("ADA"), in part, "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The ADA consists of four titles. Each of the separate titles focus on

> separate types of conduct: Title I prohibits discrimination in employment against qualified individuals with disabilities. *See* 42 U.S.C. § 12112. Title II prohibits "public entities" from excluding disabled individuals from or denying them the benefits of programs, activities, or services, and from otherwise discriminating against them. *See* 42 U.S.C. § 12132. Title III prohibits discrimination or the denial of "full and equal enjoyment" of goods,

services, and other benefits provided by "places of public accommodation" operated by private entities.  *See* 42 U.S.C. § 12181(6), (7), 12182.

*C.S. ex rel. Scott v. Missouri*, 670 F. Supp. 2d 972, 981 (E.D. Mo. 2009) (quoting *Klingler v. Dir., Dep't of Revenue, State of Mo.*, 433 F.3d 1078, 1080 (8th Cir. 2006).  "Insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006).

Plaintiff claims that Defendants have discriminated against him in violation of the ADA Title II by denying him reasonable accommodations to allow him to receive the full benefits of his college program.  Title II of the ADA provides, in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits if the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

To establish a prima facie case of discrimination, Plaintiff must show that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability."  *Power v. Univ. of N. Dakota Sch. of L.*, 954 F.3d 1047, 1052 (8th Cir. 2020) (quoting *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).  Failing to make a reasonable accommodation constitutes discrimination.  *See Hall v. Higgins*, 77 F.4th 1171, 1181 (8th Cir. 2023) (quoting *Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004).

### C.  Rehabilitation Act

The Rehabilitation Act is similar to the ADA in so far it requires that institutions that receive federal funding, such as defendant Wayne State, provide an "otherwise qualified handicapped individual" with "meaningful access" to the benefit that the grantee provides.

*Alexander v. Choate*, 469 U.S. 287 (1985). Since both statutes are substantively similar in nature and contain similar "accommodations" mandates, the Eighth Circuit treats caselaw interpreting the ADA and the Rehabilitation Act as "interchangeable." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).

A student bringing action under the ADA and the Rehabilitation Act for discrimination by an educational institution must first make a prima facie case by proving (1) that he was disabled within the meaning of the ADA and the Rehabilitation Act; (2) that he otherwise was able, with or without accommodations, to meet the academic and technical standards requisite to admission and participation in the school's education program; and (3) that he suffered an adverse action because of his or her disability. *See Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1076 (8th Cir. 2006).

Plaintiff "bears the initial burden of demonstrating that he requested reasonable accommodations." *Mershon*, 442 F.3d at 1077. Additionally, the plaintiff must "explain how each requested accommodation was necessary to enable him to participate in light of his disabilities." *Id.* Moreover, when the program provides reasonable designated channels through which participants must notify the program of the disability and the requested accommodations, then the program is not liable for a failure to accommodate unless the plaintiff utilizes those channels. *Id.* at 1076–78.

### D. Retaliation

The ADA prohibits discrimination against any individual who has opposed an unlawful act of discrimination, made a charge of discrimination, or participated in any manner in an investigation or proceeding under the ADA. 42 U.S.C. § 12203(a). Retaliation is also actionable under the Rehabilitation Act. *See Mershon*, 442 F.3d at

1074.   To establish a prima facie case of retaliation, a plaintiff must demonstrate "(1) that he engaged in a statutorily protected activity, (2) that an adverse action was taken against him, and (3) a causal connection between the adverse action and the protected activity." *Id.* at 1074 (quoting *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999).

### III.    DISCUSSION

#### A.  Claims against Wayne State

Claiming relief under 42 U.S.C. § 1983, Plaintiff asserts Defendants violated his constitutional rights to due process, and equal protection.  In addition to Wayne State, Plaintiff has sued university employees Alicia Dorsey and Caryn Douglas in their official capacities.

As an initial matter, Plaintiff has sued Wayne State for damages in this action, but it is not a proper party as it does not have the capacity to sue or be sued under Nebraska law.  Fed. R. Civ. P. 17(b) "defines when a party has the capacity to sue or be sued in federal court." *Lundquist v. Univ. of S. Dakota Sanford Sch. of Med.*, 705 F.3d 378, 379 (8th Cir. 2013).  "Unless the party is 'an individual who is not acting in a representative capacity' or a corporation, 'the law of the state where the court is located' determines whether an entity has the ability to sue or be sued." *Libault v. Mamo*, No. 4:22-CV-3096, 2023 WL 3011259, at *4 (D. Neb. Mar. 20, 2023) (quoting Fed. R. Civ. P. 17(b)(1)–(3)).  As relevant here, the Nebraska State Colleges Board (the Board):

> is the governing body of Chadron State College, Wayne State College, and Peru State College.  The Board was created by article VII, § 13, of the Nebraska Constitution, and its duties and powers are prescribed by the Legislature. The Legislature describes the Board as "a body corporate" and as a "representative" of the State.

7

*Burke v. Bd. of Trs. of Nebraska State Colleges*, 302 Neb. 494 (2019); *see* Neb. Rev. Stat. § 85-301 *et seq.* Therefore, the Board of Trustees is the appropriate defendant in this action, not Wayne State. However, even if Plaintiff had named the proper party, his claim against the college would still fail.

States and state officials sued in their official capacities for monetary relief are not suable "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (noting that, in passing § 1983, Congress did not intend to disturb the states' Eleventh Amendment sovereign immunity). The Nebraska Supreme Court has specifically found that "the language in § 85-302 permitting the Board to 'sue and be sued' is not self-executing, prescribes no terms or conditions under which the Board can be sued, and is not an express legislative waiver of sovereign immunity." *Burke*, 924 N.W.2d at 313. Consequently, a claim against Wayne State (Board of Trustees) is precluded by sovereign immunity and will be dismissed.

With regard to the claims against the college's employees, an official capacity suit against a state official is a suit against the official's office and therefore "no different from a suit against the State itself." *Will*, 491 U.S. at 71. Hence, the § 1983 claims against the individual Defendants in their official capacities must be dismissed.

### B.  ADA and Rehabilitation Act

Although these federal statutes provide important protection for individuals with disabilities in educational settings, as currently pled, the allegations in the Complaint fall short of the factual specificity required under the federal pleading standard. However, the Court will allow Plaintiff an opportunity to amend his Complaint.

Plaintiff's Complaint, even considering the additional documents he attached to it, provides only the conclusory assertion that Plaintiff has "documented mental health disability" without identifying his specific disability, the nature of any functional limitations, or how those limitations relate to his participation in college courses or programs. Filing No. 1 at 4. However, even assuming that Plaintiff is a qualified individual with a disability, he hasn't adequately pled how he was excluded in participation in the educational opportunities at Wayne State.

Plaintiff has failed to specifically identify what accommodations were sought, when they were requested, to whom those requests were made, and when those requests were denied by Wayne State. In fact, Plaintiff's Complaint includes a mediation agreement wherein Wayne State provided many accommodations. From what is currently pled, this does not appear to be a case where accommodations were requested and not approved, instead, it appears that the parties agreed on the accommodations to be provided, but Plaintiff does not like how they were delivered. In any event, Plaintiff has not alleged any adverse action as a result of any failure to accommodate. For example, Plaintiff does not allege that he failed any courses due to denied accommodation. He only states that due to the alleged denial of accommodations he has "experienced significant educational, emotional, and psychological harm." Filing No. 1 at 5. Plaintiff's Complaint must be more specific to survive dismissal.

In addition, if there were other accommodations sought, Plaintiff has not adequately alleged what, where, when, how, and by whom his ADA rights were violated. Plaintiff has also not explained his needs and requests for accommodations, and how they would have allowed him to satisfactorily perform at Wayne State.

9

More significantly, Plaintiff has failed to establish any causal connection between his disability and the alleged denial of any requested accommodation. The Complaint provides no factual allegations supporting a denial of a required accommodation or that such a denial by Wayne State's was because of his disability.

The broad allegation that Wayne State "repeatedly failed to provide reasonable accommodations and have subjected me to discriminatory and retaliatory treatment" lacks any supporting factual matter and represents the type of "naked assertion devoid of further factual enhancement" that currently fails to state a claim for relief. Filing No. 1 at 4; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Similarly insufficient is the conclusory claim that "ongoing stress and frustration of being denied fair access to my education have triggered and worsened symptoms of my documented mental health condition." Filing No. 1 at 5.

These allegations must be more specific in order to survive dismissal on initial review.

### C. Retaliation

In addition, Plaintiff's claim of retaliation is minimally plausible. Plaintiff makes a very broad allegation of retaliation, but nowhere in his pleadings does he indicate what protected activity he engaged in. Presumably, it was asking for accommodations. But even assuming that this was the protected activity, he has to show that some adverse action was taken against him. He alleges no adverse action in the initial Complaint. There is no allegation that he was dismissed from any program. Plaintiff states he had to withdraw from some courses (not specified) or failed some (also not specified). Again, there is no allegation that this was attributable to asking for accommodations. Therefore,

10

Plaintiff has not adequately pled a causal connection between any alleged adverse action and the protected activity.

## IV.   CONCLUSION

Some of Plaintiff's claims are minimally plausible, and others are not.   However, the Court will allow Plaintiff to file an Amended Complaint within 30 days, at which time the Court will conduct another initial review.   If an Amended Complaint is not filed within 30 days, this action will be dismissed.

In his Amended Complaint, Plaintiff should include a short and plain statement describing each type of discrimination or retaliation claim he is asserting.   With regard to the failure to accommodate claim, Plaintiff must describe the who, what, when, and how the failure to accommodate took place.   With regard to the claim of retaliation, he should allege specifically what protected activity he engaged in, when it took place, and what adverse action he believes was taken as a result of that protected activity.   Plaintiff also needs to clarify specifically what damage(s) he suffered as a result of the alleged discrimination and/or retaliation.

**IT IS ORDERED:**

1.   Plaintiff's claims against Wayne State and the individual defendants pursuant to 42 U.S.C. §1983 are dismissed with prejudice.

2.    Plaintiff shall have 30 days in which to file an Amended Complaint with regard to discrimination and retaliation under the ADA or the Rehabilitation Act.   Failure to file an Amended Complaint within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

11

3.    The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

4.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 10, 2026:** Check for Plaintiff's Amended Complaint.

Dated this 8th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge